IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**UNITED STATES AVIATION UNDERWRITERS INC.**;
and **HAULERS INSURANCE CO., INC.**,

    Plaintiffs,

v.

**UNITED STATES OF AMERICA**,

    Defendant.

7:05-cv-119 (HL)

# ORDER

Before the Court is Defendant's Motion for Summary Judgment (Doc. 22) and Plaintiffs' Motion for Hearing (Doc. 24). The issues before the Court have been adequately briefed and a hearing would not aid the Court in their resolution. The Motion for Hearing is therefore denied. For the reasons set out below, Defendant's Motion for Summary Judgment is granted.

**I. BACKGROUND**

This case arises out of a 2003 airplane crash. Plaintiffs Complaint sought damages from the United States for failures to predict and communicate weather turbulence, which allegedly caused the crash. In an Order dated December 17, 2007, the Court found that under the Federal Tort Claims Act (FTCA) it lacked

1

jurisdiction to entertain all but one of Plaintiffs' claims. As the Court explained in that Order, forecasting turbulence is a discretionary function, and the FTCA exempts the Government from liability for discretionary acts. The Court held, however, that if the Government had in fact forecasted turbulence and issued warnings, then there was no discretion to fail to provide that information to the crew. The Government would therefore be liable if it had issued weather advisories but negligently failed to inform the pilot of them.

Defendant now seeks summary judgment on this issue, claiming it is undisputed that no weather advisory had issued, and therefore it could not have negligently failed to warn the plane of air turbulence. Plaintiffs concede that no warning had been issued, but argue that the National Weather Service knew or should have known severe turbulence was occurring and thus had no discretion to fail to issue the warning.

## II. FACTS

The Aviation Weather Center (AWC) is a Meterological Watch Office in Kansas City, Missouri. It is responsible for issuing Airman's Meteorological Advisories (AIRMETs) which "contain details of potentially hazardous conditions over the United States and adjacent waters." Pl.'s Resp. Mot. Summ. J. Ex. 1 at 3. When one of several weather hazards "occurs, or is expected to occur, and affect an area of least 3,000 square miles," an AIRMET bulletin is produced. Id. Likewise, Significant Meteorolgical Advisories (SIGMETs) are issued "[w]hen weather

conditions meeting or exceeding criterial for SIGMET issuance occur or are expected to occur within two (2) hours." Id. at 4. One of the weather hazards that can warrant the issuance of SIGMETs or AIRMETs is clear air turbulence (CAT).

Weather forecasting involves "a decision-making process where [a] forecaster uses discretion to make a judgment as to the quality of the information . . . a subjective, discretionary decision after they go through the entire process, from looking at the raw information, displaying that information, getting a large-scale picture, and then trying to tailor it down to a smaller scale event." Def.'s Mot. Dismiss Ex. 6 at 3. Even the distinction between SIGMETs and AIRMETs involve "a subjective evaluation of the meteorologist" based on a number of factors and available data. Def.'s Mot. Dismiss Ex. 5.

## III. ANALYSIS

### A. Standard

Under the FTCA, the federal government waives its sovereign immunity for certain kinds of tort claims brought against it. See 28 U.S.C.A. § 2671 et seq. (West 2006). This waiver does not, however, apply to those claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C.A. § 2680 (a). Therefore, the Government encounters no liability for a discretionary act–regardless of the degree to which that discretion is abused. The aim of this "discretionary function" exception

is to prevent courts from "second-guessing" decisions that are grounded in social, economic, or political policy. United States v. S.A. Empresa de Viacao Aerea Rio Grandense, 467 U.S. 797, 814 (1984) (Varig Airlines). The test for whether a claim falls under the discretionary function is a two-pronged analysis: first, the court determines whether the conduct at issue involves "an element of 'judgment or choice.' " Monzon v. United States, 253 F.3d 567, 570 (quoting Berkovitz et al. v. United States, 486 U.S. 531, 536 (1988)). If so, the court then analyzes whether the "that judgment is of the kind that the discretionary function exception was designed to shield"–in other words, decisions that are based on considerations of social, economic, or political policy. Berkovitz, 486 U.S. at 536-37.

### B. Application

As stated above, Plaintiff concedes that NWS did not issue an AIRMET or SIGMET, therefore any claim based on air traffic control's failure to issue a warning to the pilot is dismissed. Nonetheless, Plaintiffs attempt to resurrect the question whether the Government is liable under the FTCA for the failure to forecast or recognize the SIGMET or AIRMET, despite the Court's previous Order, which stated that weather forecasting and the issuance of a SIGMET or AIRMET is "conduct that the discretionary exception function protects and as such these actions are not subject to liability under the FTCA." See Order, Dec. 17, 2007 at 14. Plaintiffs argue that because there was CAT actually occurring that warranted a SIGMET or AIRMET, the AWC had no discretion to fail to issue the warning. Plaintiff's rely on

language from NWS Instruction 10-811 which states that a AIRMET or SIGMET "will be issued when" moderate to severe CAT "is occurring." Pls.'s Resp. Mot. Summ. J. Stmt. Mat. Facts ¶ 4.

Plaintiffs' argument fails, however, for reasons already detailed in the Court's December 17, 2007 Order. In short, determining whether moderate to severe CAT "is occurring" requires discretion, and deciding whether a disturbance is properly characterized as moderate or severe–and hence whether to issue an AIRMET or SIGMET–also requires discretion. As the Court explained in its previous Order, these kinds of decisions are the type of decision that the FTCA was designed to shield because they are grounded in social, economic, and political policy. Although the NWS instruction that Plaintiffs cite speaks in mandatory terms, it mandates a response (i.e., the issuance of an AIRMET or SIGMET warning) after a discretionary decision is made (i.e., whether CAT is occurring that meets the criteria for a warning). Because the Government never decided that significant CAT was occurring, the NWS Instruction never required a response.

## III. CONCLUSION

Plaintiffs essentially argue that the CAT was so severe and so obvious that the Government had to know it was occurring, therefore there was no discretion to fail to issue the warnings. However, where an action is discretionary–as in the case of weather diagnostics and forecasting–not even the Government's gross negligence is actionable. See, e.g., Relf v. United States, 433 F. Supp. 423, 428 (D.D.C. 1977),

aff'd, 593 F.2d 1371 (D.C. Cir. 1979).

Defendant's Motion for Summary Judgment is therefore granted and Plaintiffs' remaining claims are dismissed.

SO ORDERED, this the 22nd day of May, 2008.

                                           **s/ Hugh Lawson**
                                           **HUGH LAWSON, Judge**

tch